UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL BRAND HOLDINGS, LLC,

                     Plaintiff(s),

v.

RAE DUNN DESIGN LLC, et al.,

                     Defendant(s).

23-CV-1644 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

    Plaintiff Global Brand Holdings, LLC, ("GBH") owns various trademarks consisting of or incorporating the sequence of letters, "XOXO." Defendant Rae Dunn Design LLC ("Rae Dunn") is a California company that designs various products bearing words and phrases in stylized lettering, and Defendant Enchante Accessories Inc. ("Enchante") is one of Rae Dunn's licensees. In January 2023, Plaintiff learned that Defendants were selling products bearing "XOXO" and shortly thereafter, on February 27, 2023, filed this suit. *See* Compl., ECF No. 1. Defendants move to dismiss, arguing the incorporation of "XOXO" into their products constitutes fair use. *See* ECF Nos. 19, 23. For the reasons given below, Defendants' motions are DENIED.

## BACKGROUND

    The following facts are taken from the Complaint and are assumed to be true solely for purposes of adjudicating Defendants' motions. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).[1]

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

GBH is a New York corporation that licenses and sells various apparel, toiletries, cosmetics, bedding, accessories, and other products. Compl. ¶ 1. GBH owns a set of trademarks that each incorporate the combination of letters "XOXO," including trademark registrations for bedding, furniture, and pillows (the "XOXO Marks"). *Id.* ¶ 13. Since 1991, GBH has sold products bearing the XOXO Marks, often in the form of a hangtag with a black-and-white version of the marks. *Id.* ¶ 11, 16. GBH sells its products through major retailers and e-commerce platforms and has substantially promoted its products through high-profile advertising campaigns featuring celebrities and social media platforms. *Id.* ¶¶ 18-20. As a result, the XOXO Marks have become distinctive and identify GBH as the source of products bearing the marks. *Id.* ¶ 21.

Defendant Rae Dunn is a California limited liability company that sells products bearing various words and phrases in the stylized lettering of its founder, Rae Dunn. *Id.* ¶ 3. Defendant Enchante is a New York corporation that manufactures and distributes Rae Dunn products in coordination with Defendant Rae Dunn. *Id.* ¶¶ 4-5.

On January 17, 2022, Plaintiff sent Rae Dunn a cease-and-desist letter attaching the trademark registrations associated with the XOXO Marks. *Id.* ¶ 30. In early 2023, Plaintiff became aware Defendants were selling blankets bearing the XOXO Marks, and purchased two such blankets at T.J. Maxx locations. *Id.* ¶¶ 22-23. Plaintiff also learned Defendants are selling a set of towels on Amazon.com bearing the XOXO Marks. *Id.* ¶ 25. This suit followed.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In

assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An alleged trademark infringer may avoid liability by establishing the affirmative defense of fair use. "To demonstrate fair use, a defendant must establish that it used the allegedly infringing term (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 92 (2d Cir. 2020). "Because fair use is an affirmative defense, it often . . . is inappropriate to resolve on a motion to dismiss. Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense are evident on the face of the complaint." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). "Plaintiffs, in rebutting defendants' arguments, are held only to the usual burden of a motion to dismiss, which is to say they must plead sufficient facts to plausibly suggest that they are entitled to relief." *Id.*

## DISCUSSION

Defendants' motions are denied because it is not clear from the face of the Complaint that Defendants' use of "XOXO" on their products is other than as a mark.[2]

To "use *as a mark*" means to "us[e] the term as a symbol to attract public attention." *Id.* at 306 (emphasis added). "A trademark use occurs when a mark indicates the source or origin

---

[2] Because Defendants bear the burden of establishing that each prong of the affirmative defense is evident on the face of the Complaint, it is unnecessary to discuss whether the Complaint evinces Defendants' good faith or whether Defendants' use of "XOXO" is in a descriptive sense to resolve Defendants' motions.

of consumer products." *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 424 (S.D.N.Y. 2008), *aff'd*, 329 F. App'x 333 (2d Cir. 2009). The Complaint alleges that through Plaintiff's efforts advertising and promoting its brand, the XOXO mark, often displayed in black-and-white, is now distinctive and identifies GBH as the exclusive source of goods bearing the mark. Compl. ¶¶ 18, 21. Exhibits C and D to the Complaint depict the allegedly infringing products, showing a blanket and a set of hand towels with red hearts and "XOXO." in large black lettering. *See* ECF Nos. 1-3, 1-4. Accepting the allegations of the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the use of "XOXO" on these products indicates to consumers that GBH is the source of these products.

Defendants argue that their use of the XOXO lettering cannot be as a mark because references to Rae Dunn also appear on the products' packaging and online listing. *See* Rae Dunn Memo. of Law in Supp. of Mot. to Dismiss, ECF No. 20, at 8-10; *see also* Enchante Memo. of Law in Supp. of Mot. to Dismiss, ECF No. 24, at 1 (incorporating by reference Rae Dunn's arguments in support of its motion to dismiss). Given the standard applicable to a motion to dismiss—where Plaintiff must only plead facts sufficient to plausibly suggest it is entitled to relief—this argument fails. The Circuit has found that "the prominent display of the defendants' own trademarks can contribute to a finding that the defendants were not using a different distinct phrase as a mark." *Kelly-Brown*, 717 F.3d at 310. However, this is merely "one of several considerations in a fact-intensive analysis," *id.* at 311, and there is no categorical rule that display of another, different mark renders use not as a mark as a matter of law. This analysis does not change if the Court considers the additional photos of the products submitted in connection with Defendants' motion. *See* Decl. of Rae Dunn, Exs. A & B, ECF Nos. 21-1, 21-2. The products themselves contain small sewn-in labels and the blanket is wrapped in a cotton

4

ribbon bearing the phrase "Rae Dunn." *See id*. Even so, this does not change the nature of the analysis, which is ill-suited to resolution on a motion to dismiss. It may be the case that the record produced through discovery, when taken as a whole, will not allow a reasonable jury to find in Plaintiff's favor. It could also be the case that, at trial, the fact-finder will determine Defendants were not using "XOXO" as a mark. However, at this stage of litigation, Plaintiff has met its burden.

Defendants also argue that the use of "XOXO" is merely decorative and ornamental, and that such use is not source-identifying. *See* Rae Dunn Reply Memo. of Law, ECF No. 28, at 4. Whether or not that is ultimately true, however, cannot be determined at this stage of the litigation. According to the allegations of the Complaint—which must be accepted at this stage of the proceedings—the XOXO mark has taken on distinctive meaning and operates to "identify[] Global as the exclusive source of the goods and services offered under the XOXO Trademark." Compl. ¶ 21.

It is not clear from the Complaint itself (and the documents integral to it) that Defendants' use of XOXO on their products was other than as a mark. Accordingly, Defendants are not entitled to dismissal on the basis of fair use.

## CONCLUSION

For the reasons given above, Defendants' motions are **DENIED**. Rae Dunn's request for oral argument is **DENIED** as moot.

A minute entry dated August 14, 2023, stayed discovery pending resolution of Defendants' motions to dismiss. By **January 24, 2023**, the parties shall meet and confer and file a joint status letter. The letter shall attach a proposed case management plan, available at the Court's website, https://nysd.uscourts.gov/hon-dale-e-ho. The parties' letter shall state whether

the parties request a referral for mediation through the District's Mediation Program or before Magistrate Judge Cave.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 28 and 45.

SO ORDERED.

Dated: January 9, 2024
New York, New York

DALE E. HO
United States District Judge